[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike the Second and Third Counts of the complaint and that portion of the prayer for relief requesting exemplary or punitive damages on the ground that the plaintiff has relied upon the same factual pattern as that contained in the Fist [First] Count of the complaint sounding in simple negligence and that the Second and Third Counts fail to allege any facts over and above those alleged in the First Count which would support a finding of recklessness. The court agrees.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
Paragraphs 1-4 and 6-10 of the First Count of the complaint set forth the factual basis for the plaintiff's cause of action in simple negligence as well as the damages allegedly sustained by the plaintiff. Paragraph 5 of the First Count alleges that the defendants were responsible for the injures sustained by the plaintiff because of their carelessness and negligence.
The Second Count of the complaint purports to set forth a claim arising out of the defendants' alleged recklessness. That Count incorporates by reference paragraphs 1 through 10 of the First Count, but alleges no new facts to support the allegation of recklessness.
The Third Count alleges a cause of action in recklessness under Connecticut General Statutes § 14-295. That Count also incorporates by reference the allegations of the First Count without containing any additional allegations to support the claim of recklessness.
The allegations in the Second and Third Counts offer no CT Page 5261-JJ factual basis for showing that the defendants' conduct was of an evil nature or performed with reckless indifference to the interest of the plaintiff. See Ames v. Sears, Roebuck Co.,8 Conn. App. 642, 655, 514 A.2d 352, cert. denied, 201 Conn. 809,515 A.2d 378 (1986);
To satisfy a claim of recklessness, the reckless party's acts must be alleged to have been done with a reckless indifference to the interests of others. Id.; see also Preferred Remodelers, Inc.v. General Motors Corp., 6 Conn. L. Rptr. 119, 120 (March 4, 1992, Rush, J.), citing Ganim v. Roberts, 204 Conn. 760, 763,529 A.2d 194 (1987).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence."Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987).
The plaintiff has failed to allege any facts to support his claims of recklessness Therefore, the Motion to Strike the Second and Third Counts and the portions of the Prayer for Relief which seek punitive damages and double or treble damages pursuant to Connecticut General Statutes § 14-295 is granted.
By the court,
Aurigemma, J.